IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA,<br>Plaintiff, | CIVIL ACTION |
|---|---|
| v. | |
| ROBERT N. TAYLOR, III, and<br>PENNSYLVANIA DEPARTMENT OF<br>REVENUE,<br>Defendants. | NO. 17-3030 |

DuBois, J.                                                  July 13, 2018

**MEMORANDUM**

## I. INTRODUCTION

The Government brought this lawsuit to collect Robert N. Taylor, III's unpaid taxes from 2003 and 2004 and to enforce the corresponding federal tax liens that encumber defendant's real property in Philadelphia, Pennsylvania. The Government alleges that defendant owes $143,773.96 in unpaid taxes, including interest and penalties that accrued through May 29, 2017. The Commonwealth of Pennsylvania is a defendant in the action, but the Commonwealth and the United States stipulated on October 26, 2017, that the United States' tax liens that encumber defendant's real property are superior to any liens that the Commonwealth may hold with respect to the real property.

## II. PROCUDRAL HISTORY

The Government filed a Complaint for Federal Taxes on July 6, 2017. Defendant, who is *pro se*, filed a Motion to Dismiss on January 16, 2018. While Defendant's Motion to Dismiss was pending, both parties filed Motions for Summary Judgment—the Government filed a Motion for Summary Judgment on February 21, 2018, and defendant filed a Motion for Summary Judgment on March 6, 2018.

Normally, the Court allows discovery before addressing Motions for Summary Judgment, but the parties decided to proceed without discovery (or with limited discovery) in this case. The Court has no objection. On this issue, the Court notes that, in passing, defendant states in his Motion for Summary Judgment that "Plaintiff's Summary Judgment Motion attempts to cut off due process before any discovery is allowed to take place." Def.'s Mot. for Summ. J. 6. Significantly, defendant does not state what discovery he requires. Under these circumstances, the Court will proceed to decide the pending Motions for Summary Judgment on the present state of the record.

### III. BACKGROUND

The facts as alleged in the Government's Complaint are as follows. The United States Department of Treasury made assessments against Robert N. Taylor, III ("defendant") as follows: outstanding balance of $61,616.05 for the tax period ending December 31, 2003; and $82,155.91 for the tax period ending December 31, 2004. Compl. ¶ 7. The total outstanding balance—$143,773.96—includes penalties and interest accrued through May 29, 2017. Compl. ¶ 7. The Department of Treasury gave defendant notice and demand for payment of the assessments. Compl. ¶ 8. Defendant failed to pay the Government the full amount of the tax assessments. Compl. ¶ 10.

On the date of the tax assessments, tax liens in favor of the Government arose by operation of law pursuant to 26 U.S.C. §§ 6321 and 6322 and attached to all property and rights to property owned by defendant. Compl. ¶ 14. Notice of federal tax liens were filed with the Office of the Prothonotary in Philadelphia County on December 11, 2007, and re-filed on May 5, 2017. Compl. ¶ 15.

In Count I of the Complaint, the Government seeks to reduce the tax assessments to judgment; in Count II, the Government seeks to foreclose the federal tax liens on defendant's real property located at 1411 S. Patton Street, Philadelphia, Pennsylvania.

In deciding the Motions for Summary Judgment, the Court construes the facts drawn from the record before the Court in the light most favorable to the nonmoving party. *Wishkin v. Potter*, 476 F.3d 180, 184 (3d Cir. 2007). The undisputed facts set forth in the record before the Court are essentially the same as the facts alleged in the Government's Complaint.

For the reasons that follow, the Government's Motion for Summary Judgment is granted, defendant's Motion for Summary Judgment is denied and defendant's Motion to Dismiss is denied.

## IV. APPICABLE LAW

### A. Motion for Summary Judgment

The Court will grant a motion for summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is material when it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "[T]he judge's function is not himself to weight the evidence and determine the truth of the matter but to determine whether . . . there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249. The existence of a "mere scintilla" of evidence in support of the nonmoving party is insufficient. *Id.* at 252. In considering a motion for summary judgment, "the [C]ourt is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and

resolve all reasonable inferences in that party's favor." *Wishkin v. Potter*, 467 F.3d 180, 184 (3d Cir. 2007).

### B. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion to dismiss. To survive a motion to dismiss, the complaint must allege facts that "'raise a right to relief above the speculative level.'" *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." *Twombly*, 550 U.S. at 555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded. *Iqbal*, 556 U.S. at 679. The court then assesses the remaining "'nub' of the plaintiff['s] complaint—the well-pleaded, nonconclusory factual allegation[s]"—to determine whether the complaint states a plausible claim for relief. *Id.*

## V. DISCUSSION

The Court begins with preliminary issues raised in Defendant's Motion to Dismiss—subject matter jurisdiction, personal jurisdiction and venue[1]. The Court next addresses the Motions for Summary Judgment.

---

[1] Defendant raised the following three additional issues in his Motion to Dismiss: (1) the Government makes "improper presumptions" because defendant is not a taxpayer; (2) defendant was denied Due Process because the Government did not provide a deficiency notice; and (3) defendant's Thirteenth Amendment rights are being violated by the Government forcing him into its system of taxation. The improper presumptions argument is raised in Defendant's Motion for Summary Judgment and is addressed in this Memorandum in discussion of that Motion, *see infra*, Part V.C.3. Defendant's Due Process and 13th Amendment arguments are considered affirmative defenses improper for adjudication on a motion to dismiss. *See Rycoline Products, Inc. v. C&W Unlimited*, 109 F.3d 883,

### A. Subject Matter Jurisdiction

Defendant argues that the Court lacks subject matter jurisdiction. The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. *See* 28 U.S.C. §§ 1340 and 1345; 26 U.S.C. §§ 7402(a) and 7403.

### B. Personal Jurisdiction and Venue

Defendant also argued that the Court lacks personal jurisdiction and that venue is not proper. He contends that he is "not domiciled within any 'State' or federal area." Def.'s Mem. Supp. Mot. to Dismiss ¶ 9.

Defendant resides in Philadelphia, Pennsylvania, and was personally served at his primary residence. United States Resp. to Def.'s Mot. to Dismiss 2; Def. Mot. for Summ. J., Exhibit 1, ¶ 1. Defendant does not assert that he does not reside in Philadelphia, Pennsylvania. Rather, he asserts that he is not a taxpayer subject to the jurisdiction of the Internal Revenue Service ("IRS") and that he is not domiciled within any state or federal area. Defendant's claim that he is not a taxpayer subject to the jurisdiction of the IRS is rejected as frivolous. *See, e.g.*, *United States v. Gardell*, 23 F.3d 395, 1994 WL 17097 *1 (1st Cir. 1994) (unpublished opinion); *United States v. Sloan* [91–2 USTC ¶ 50,388], 939 F.2d 499, 501 (7th Cir. 1991); *United States v. Karlin* [86–1 USTC ¶ 9299], 785 F.2d 90, 91 (3d Cir. 1986); *Beerbower*, 1986 WL 16750, at *2 ("Plaintiff's claim that he is not a taxpayer is unsupported and frivolous."); *United States v. Studley* [86–1 USTC ¶ 9390], 783 F.2d 934, 937 (9th Cir. 1985); *Drefke*, 707 F.2d at 981 ("This is an imaginative argument, but totally without arguable merit.); *United States v. Sasscer*, No. Civ. Y-97-3026, 2000 WL 1479154, at *1 (D. Md. Aug. 25, 2000) ("The federal courts have consistently rejected such 'non-taxpayer' status claims as meritless.").

---

886 (3d Cir. 1997). These issues were not raised in Defendant's Motion for Summary Judgment and will not be addressed by the Court.

The Court concludes that it has personal jurisdiction over defendant because defendant is domiciled in Philadelphia, Pennsylvania and was served with process at his primary residence, 1411 S. Patton Street, Philadelphia, Pennsylvania. Venue is proper under 28 U.S.C. § 1391(b)(1) because defendant resides in this district.

**C. Motions for Summary Judgment**

Both parties filed Motions for Summary Judgment. Because defendant's Motion for Summary Judgment and Response to the Government's Motion for Summary Judgment present the same arguments, the Court addresses the two Motions together.

An assessment by the IRS is a determination that a taxpayer owes unpaid taxes to the United States. *United States v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). These assessments are "entitled to a legal presumption of correctness" and establish a *prima facie* case of tax liability. *Id.*; *accord Parenti v. Whinston*, 347 F.Supp. 471, 473 (E.D. Pa. 1972). To overcome this presumption, a taxpayer must show by a preponderance of the evidence that the assessments are incorrect. *United States v. Klimek*, 952 F.Supp. 1100, 1111 (E.D. Pa. 1997) (citing *Sullivan v. United States*, 618 F.2d 1001, 1008 (3d Cir. 1980)). If a taxpayer fails to offer any evidence establishing that the tax assessments are incorrect, he has failed to meet his burden, and the court should grant summary judgment in favor the Government. *Id.* (citing *Lane v. United States*, 328 F.2d 602, 603 (5th Cir. 1964)).

Notice and demand for payment were properly given to defendant for the tax assessments made against him with respect to the years 2003 and 2004. United States Stmt. of Facts ¶ 7. Taylor has not paid his tax liabilities. United States Stmt. of Facts ¶ 7.

A lien in favor of the United States attached to all property and property rights owned by defendant arose on the date defendant's taxes were assessed. 26 U.S.C. §§ 6321 and 6322.

6

Pursuant to 26 U.S.C. §7403, the Court has the authority to foreclose the federal tax liens and order the judicial sale of property in order to satisfy unpaid tax liabilities. *See United States v. Rodgers*, 461 U.S. 677, 680 (1983). An order for the sale of property ensures the "prompt and certain enforcement of the tax laws in a system relying primarily on self-reporting." *Id*.

Defendant raises several defenses in his Response to the Government's Motion for Summary Judgment and in his Motion for Summary Judgment. The Court addresses each defense in turn.

1. **Form 1040**

Defendant argues that there is no Form 1040 or 1040A—his tax returns—on the record. However, the tax assessments, not the tax returns, establish defendant's tax liability. The tax assessments at issue are based on defendant's earnings in 2003 and 2004 and supported by the declaration of Revenue Officer Claudio Ramos, who is competent to testify about the business records of the IRS. United States Mot. for Summ. J., Ramos Decl. The declaration is admissible as evidence under the business records exception to the hearsay rules set forth in Federal Rule of Evidence 803(6) and will be considered by the Court.

2. **Tax Defier**

Defendant argues that the Government's statement that defendant is a "tax defier" has no legal meaning. The Court's Memorandum and Order does not rely on the Government's claim that defendant "is a tax defier and has a long history of failing to file federal tax returns and pay his taxes." United States Mem. Supp. Mot. for Summ. J. 2.

3. **Remainder of Defendant's Arguments**

Defendant's other arguments are based on his claim that he is not a taxpayer subject to IRS jurisdiction and not a resident of the United States. First, he argues that the Government

7

fails to show how he is a taxpayer subject to IRS jurisdiction.  Second, he argues that the Government makes improper presumptions in stating that defendant is a taxpayer or resident of the United States.

As discussed above, *see supra* Part V.B., the Court rejects defendant's arguments that he is not a taxpayer subject to IRS jurisdiction and not a resident of the United States as frivolous. Moreover, defendant admits that he resides in Philadelphia, Pennsylvania.  Def. Mot. for Summ. J., Exhibit 1, ¶ 1.[2]  Accordingly, notwithstanding his frivolous claims stating otherwise, defendant is a resident of the United States and a taxpayer subject to the jurisdiction of the IRS.

### 4. Conclusion

The Government has established that there is no genuine issue of material fact in this case.  Defendant has not presented any evidence establishing that the Government's tax assessments are incorrect.  Defendant's arguments presented in his Motion for Summary Judgment and in his Response to the Government's Motion for Summary Judgment rely on the frivolous claims rejected by the Court that he is not a taxpayer and not a resident of the United States.  Accordingly, the Court grants the Government's Motion for Summary Judgment and denies defendant's Motion for Summary Judgment.

## VI. CONCLUSION

For all of the foregoing reasons, the Government's Motion for Summary Judgment is granted, defendant's Motion for Summary Judgment is denied and defendant's Motion to Dismiss is denied.

Judgment is entered in favor of plaintiff, United States of America, and against defendant, Robert N. Taylor, III in the amount of $143,773.76 for federal income taxes and

---

[2] Defendant states that he is "domiciled at 1411 South Patton Street, Philadelphia, Pennsylvania Republic, usA NON-DOMESTIC."  Def. Mot. for Summ. J., Exhibit 1, ¶ 1.

statutory additions for the tax periods ending on December 31, 2003, and December 31, 2004, plus all interest and penalties that accrued after May 29, 2017, and will continue to accrue according to law. The United States is the holder of valid tax liens against Robert N. Taylor, III that have attached to the real property located at 1411 S. Patton Street, Philadelphia, Pennsylvania ("Subject Real Property"). The federal tax liens that attached to the Subject Real Property are hereby foreclosed, and the Subject Real Property shall be sold free and clear of any right, title, lien, claim, or interest of all parties, in accordance with the separate attached order of sale.

        Appropriate orders follow.